UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY CRAMASTA,

     Plaintiff,

v.                              CASE No. 8:12-CV-1461-T-23TGW

WALGREEN INCOME PROTECTION
PLAN FOR PHARMACISTS AND
REGISTERED NURSES, et al.,

     Defendants.

_____

## REPORT AND RECOMMENDATION

The plaintiff, Kelly Cramasta, filed this lawsuit alleging that the defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 et seq., by denying her claim for disability benefits under an employer-sponsored plan. The plaintiff's motion for summary judgment was granted in part, and the matter was remanded to the defendants for proper consideration of the plaintiff's fibromyalgia diagnosis.

The plaintiff now seeks reimbursement for attorneys' fees and costs incurred in this matter (Doc. 63). The motion was referred to me for a report and recommendation (Doc. 64). After holding a hearing limited to the

issue of entitlement to fees, I recommend that the plaintiff's motion for fees and costs be denied.

I.

The facts of this case have been set forth in detail in my Report and Recommendation on the parties' motions for summary judgment (see Doc. 54). To briefly summarize, the parties filed cross-motions for summary judgment in July 2013 (Docs. 41, 42). The plaintiff argued that the denial of her application for benefits was de novo wrong because the claim administrator, defendant Sedgwick Claims Management Services, Inc. ("Sedgwick"), did not have discretionary authority under the Plan to make benefits determinations. The plaintiff further asserted that the decision was arbitrary and capricious because, among other things, Sedgwick improperly required objective medical evidence in support of the plaintiff's claim of disabling fibromyalgia. The defendants, on the other hand, contended that they were entitled to summary judgment because the denial of benefits was reasonable and supported by the opinions of four independent reviewing physicians.

Following a hearing on the parties' motions, I recommended that: (1) the plaintiff's motion for summary judgment "be granted to the extent that the matter is remanded to the defendants for proper consideration of the plaintiff's fibromyalgia diagnosis"; (2) the defendants' motion be denied; and (3) the case be administratively closed (Doc. 54, pp. 45-46). With respect to the plaintiff's fibromyalgia diagnosis, I said that "the disability claim could not reasonably be denied simply on the basis of a lack of objective medical evidence" (id., p. 39). However, I further explained (id., pp. 40-42):

> Sedgwick's error in evaluating the plaintiff's fibromyalgia, however, does not mean that the plaintiff is entitled to an award of benefits at this point. Rather, the proper course is to remand the matter to the claim administrator for an evaluation that corrects the error of demanding objective medical findings. Elliott v. Metro. Life Ins. Co., 473 F.3d 613, 621-22 (6th Cir. 2006); Rekstad v. U.S. Bancorp, 451 F.3d 1114, 1120-21 (10th Cir. 2006); Buffonge v. Prudential Ins. Co. of Am., 426 F.3d 20, 31 (1st Cir. 2005). In an analogous situation, the Eleventh Circuit and United States District Judge John Antoon, II, have said that it is impossible to apply the arbitrary and capricious standard. Barlow v. Sun Life & Health Ins. Co., 488 Fed. Appx. 458 (11th Cir. 2012); Hall v. Hewlett-Packard Co., 2013 WL 2447951 at **11-12 (M.D. Fla.).

On remand, Sedgwick may wish to question the diagnosis of fibromyalgia. Thus, a fibromyalgia diagnosis is typically reflected by a figure showing the outline of a body and "x's" marked on the figure where the trigger points had been positive. There is no such diagram in this record.

Moreover, as indicated, fibromyalgia is diagnosed by a rheumatologist. Sarchet v. Chater, [78 F.3d 305, 307 (7th Cir. 1996)]. Neither Dr. Khalil or Dr. Katzin are rheumatologists. Consequently, the diagnosis of fibromyalgia is outside their areas of speciality. Thus, Sedgwick may want to have an independent medical examination by a rheumatologist.

Furthermore, even if the plaintiff is correctly diagnosed with fibromyalgia, that does not necessarily mean that she is disabled. See Sarchet v. Chater, supra (stating that "[s]ome people may have such a severe case of fibromyalgia as to be totally disabled from working ..., but most do not ...."). Other circumstances, such as activities of daily living, can show that she is not disabled. For example, the medical records indicate that the plaintiff attended a cruise after submitting her disability claim, and she planned to go back to school (AR 000683, 000813). In addition, Dr. Ledford and Dr. Butendieck suggested that the plaintiff participate in aerobic activity (AR 000206, 000846). Under these circumstances, an award of benefits is not warranted at this time.

Finally, noting that a remand to an administrator in an ERISA case is not a final decision, I stated that "the Court will retain jurisdiction to decide any

timely motion for judicial review following the proceedings at the administrative level" (id., p. 45).

On December 9, 2013, the plaintiff objected to my Report and Recommendation (Doc. 55). Specifically, the plaintiff challenged: (1) the recommendation to remand the plaintiff's short-term disability benefits claim back to Sedgwick; (2) the finding that the plaintiff was not diagnosed or treated by a rheumatologist; (3) the suggestion that Sedgwick may want to have an independent medical examination by a rheumatologist; and (4) the Report and Recommendation's failure to address the plaintiff's other disabling physical and mental conditions. In addition, if the district court decided to remand the plaintiff's claim to the defendants, the plaintiff "request[ed] the Court clarify the scope of the remand" (id., p. 2). In response, the defendants argued that the "Court should overrule Plaintiff's Objections because the Magistrate Judge correctly exercised his discretion in remanding Plaintiff's benefits claim for further consideration by Sedgwick and because Plaintiff has failed to present an adequate basis for rejecting or modifying the Report and Recommendation" (Doc. 58, p. 1).

On February 6, 2014, the Report and Recommendation was adopted, and the Clerk was directed to enter judgment in favor of the plaintiff and against the defendant, terminate any pending motions, and close the case. Accordingly, the Clerk entered judgment in favor of the plaintiff on February 7, 2014 (Doc. 62).

The defendants subsequently moved to set aside or clarify the final judgment, arguing that the entry of judgment in favor of the plaintiff based on the remand was not appropriate or was otherwise premature (Doc. 67, p. 5). The plaintiff responded that the entry of judgment in her favor was proper and should not be set aside, but she "request[ed] that the Court retain jurisdiction to determine Plaintiff's entitlement to attorneys' fees and costs" (Doc. 69, p. 2).

In March 2014, United States District Judge Steven D. Merryday granted the defendants' motion to set aside the judgment, and entered an Order vacating the February 6, 2014, Order and the February 7, 2014, judgment (Doc. 74). The Order: (1) adopted my Report and Recommendation, (2) instructed the Clerk to administratively close the case, and (3) stated that the court would retain jurisdiction to consider any timely

-6-

motion for judicial review following the proceedings at the administrative level.

In the meantime, on February 19, 2014, the plaintiff filed a Motion for Attorneys' Fees and Costs, seeking attorneys' fees of $156,045 and costs of $1,536 (Doc. 63). Following the entry of an Order granting the defendants' request to bifurcate the issue of entitlement to fees and costs from the issue of the amounts to be awarded (Docs. 65, 71), they submitted a response in opposition to the plaintiff's motion for attorneys' fees and costs. The defendants contend that the plaintiff is not entitled to attorneys' fees and costs "because she has not achieved success on the merits of her claims by obtaining a remand in this case" (Doc. 73, p. 1).

A hearing limited to the issue of the plaintiff's entitlement to attorneys' fees and costs was held before me on April 1, 2014. After the hearing, with permission from the court, the plaintiff submitted a notice of supplemental authority (Doc. 76).

II.

A. ERISA provides that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29

U.S.C. 1132(g)(1).  A claimant need not be a "prevailing party" in order to receive an award of attorney's fees under §1132(g)(1).  Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252 (2010).  However, "a fees claimant must show 'some degree of success on the merits.'"  Id. at 255.  "A claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory, but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." Id. (citation and internal quotation marks omitted).

The Supreme Court noted that lower courts had considered the following five factors in deciding whether to award attorney's fees (id. at 249 n. 1) (citation omitted):

> (1) the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

The Court stated that "[b]ecause these five factors bear no obvious relation to §1132(g)(1)'s text or to our fee-shifting jurisprudence, they are not required for channeling a court's discretion when awarding fees under this section." Id. at 254-55.   However, the Court added that it has "not foreclose[d] the possibility that once a claimant has satisfied this requirement [of some degree of success on the merits], and thus becomes eligible for a fees award under §1132(g)(1), a court may consider the five factors ... in deciding whether to award attorney's fees." Id. at 255 n.8.   Accordingly, the Eleventh Circuit in Cross v. Quality Management Group, LLC, 491 Fed. Appx. 53, 55-56 (11th Cir. 2012) viewed Hardt as creating a two-part approach, with the requirement of some degree of success on the merits being the threshold issue.

Relying on Hardt, the plaintiff contends that she is entitled to reimbursement for attorneys' fees at this interim stage of the proceedings because she "was not only a prevailing party in this action, but she also had 'success on the merits' of her case" (Doc. 63, p. 4).   Thus, according to the plaintiff, the remand of her claim to the defendants "is clearly a victory" (id.). The defendants, on the other hand, dispute the plaintiff's entitlement to fees

on the ground that the remand in this case does not constitute some success

on the merits (Doc. 73).

In Hardt, the district court denied the parties' cross-motions for

summary judgment, and remanded the matter to the defendant for a full and

fair review of the plaintiff's application for benefits.  560 U.S. at 247-48.

Following remand, where the plaintiff was found eligible for and awarded

benefits, the plaintiff sought attorney's fees and costs pursuant to

§1132(g)(1).  Id. at 249.  The Supreme Court held that the plaintiff was

entitled to attorney's fees because she had achieved some success on the

merits of her case.  Id. at 255-56.  In this regard, the Court pointed out that

the district court: (1) found "compelling evidence" that the plaintiff was

disabled; (2) was "inclined to rule in [the plaintiff's] favor"; and (3)

instructed the defendant to consider all of the evidence on the plaintiff's

application within 30 days or judgment would be entered in favor of the

plaintiff.  Id. at 256.  The Court also noted that the plaintiff was awarded

benefits on remand.  Id.  However, the Court did "not decide ... whether a

remand order, without more, constitutes 'some success on the merits'

sufficient to make a party eligible for attorney's fees under §1132(g)(1)."  Id.

In support of her contention, the plaintiff points out that some lower courts have found that a remand order alone satisfies the threshold in Hardt. Thus, in Olds v. Retirement Plan of International Paper Co., Inc., 2011 WL 2160264 (S.D. Ala.), the court awarded attorney's fees after it remanded the plaintiff's disability claim to the defendant for a "full and fair review." The court reasoned that "a plaintiff has experienced 'some degree of success on the merits' when he presents a claim that the defendant violated his rights and the court rules that the defendant did violate those rights" and "[t]hat is precisely what occurred here." Id. at *2.

Also, in Grosso v. Aetna Life Ins. Co., Case No. 1:12-CV-327-GZS (Doc. 54) (D. Me. Feb. 25, 2014) (adopted by Doc. 56 (Mar. 27, 2014)), the court concluded that the plaintiff was entitled to attorney's fees based on the remand of the defendant's arbitrary and capricious denial of benefits. In his Recommended Decision, United States Magistrate Judge John C. Nivison explained that "in its decision ordering the remand of the matter, the Court expressed skepticism about the bases of [the defendant's] decision, and cited several instances where the medical evidence was contrary to or inconsistent with [the defendant's] decision. The Court's critiques of [the defendant's] findings were inescapably merit-based." Id. (Doc. 54, p. 5).

However, the defendants respond that "since <u>Hardt</u>, numerous courts, including a district court in Florida, have held that the remand of a plaintiff's claim alone does not qualify as 'some degree of success on the merits' so as to allow for the award of attorney's fee and costs under ERISA" (Doc. 73, p. 9).  For example, the court in <u>Vivas</u> v. <u>Hartford Life and Accident Ins. Co.</u>, 2013 WL 5226720, *3 (S.D. Fla.) (adopted by 2013 WL 5226506 (S.D. Fla.)), citing a number of supporting district court decisions, denied the plaintiff's motion for attorney's fees, explaining that the remand was a "purely procedural victory" and did not constitute some degree of success on the merits.  Distinguishing <u>Hardt</u>, the court noted that it had "declined to provide its opinion on the merits of Plaintiff's disability claim. Moreover, the Court did not restrict the plan administrator to making a decision on remand within a certain period of time, nor did it imply that it was inclined to rule in Plaintiff's favor." <u>Id</u>.

Similarly, in <u>Dickens</u> v. <u>Aetna Life Ins. Co.</u>, 2011 WL 1258854, **5-6 (S.D. W.Va.), the court declined to grant the plaintiff's request for attorney's fees upon a remand for proper consideration on the plaintiff's ERISA claim of the Social Security Administration's disability determination. The court stated that, "[i]n contrast to <u>Hardt</u>, the Court today expresses no

opinion as to whether Plaintiff is disabled under the LTD [long-term disability] Plan's definition. Instead, the remand in this case represents a purely procedural victory for Plaintiff, and attorney's fees are not warranted at this time." Id. at *6.

While the criterion of "some degree of success on the merits" is general and imprecise, the words of that phrase do provide a basis for interpretation. Thus, "some degree," as opposed to trivial, indicates that the degree of success must at least be significant. Moreover, the success must be "on the merits." In other words, the success must be on the disability claim, and not merely be a favorable ruling in the case.

This interpretation is supported by the "basic point of reference" of the American Rule, under which each party pays its own attorney's fees. Hardt v. Reliance Standard Life Ins. Co., supra, 560 U.S. at 252-53. Thus, a statutory deviation from that rule would require a significant victory on the plaintiff's claim for benefits.

Accordingly, I find Olds v. Retirement Plan of International Paper Co., Inc., supra, unpersuasive since that court held that the plaintiff was entitled to an attorney's fee award simply because there was a remand for further administrative consideration. Rather, my view is consistent with

Vivas v. Hartford Life and Accident Ins. Co., supra, and Dickens v. Aetna Life Ins. Co., supra, where motions for attorney's fees were denied because there was no favorable statement about the plaintiff's claim. See also Yates v. Bechtel Jacobs Co., LLC, 2011 WL 2462840 (E.D. Tenn.) (adopted by 2011 WL 2462811 (E.D. Tenn.)); Christoff v. Ohio Northern University Employee Benefit Plan, 2010 WL 3958735 (N.D. Ohio).

Here, the facts do not demonstrate that the plaintiff has achieved some success on the merits of her claim for benefits. In the first place, the plaintiff's claim has not been resolved or advanced at all by my Report and Recommendation. Thus, unlike Hardt, this court did not indicate that it is inclined to rule in the plaintiff's favor. To the contrary, I expressly stated (Doc. 54, p. 40) (emphasis added):

> Sedgwick's error in evaluating the plaintiff's fibromyalgia, however, does not mean that the plaintiff is entitled to an award of benefits at this point. Rather, the proper course is to remand the matter to the claim administrator for an evaluation that corrects the error of demanding objective medical findings.

Moreover, I explained that the defendants may wish to question the plaintiff's fibromyalgia diagnosis, noting, among other things, that the administrative record contained no diagram identifying positive trigger points and that the

plaintiff's activities of daily living seemed to contradict a finding of disability (id., pp. 41-42). It was added that, even if the plaintiff were diagnosed with fibromyalgia, "that does not necessarily mean that she is disabled" (id., p. 41). Under these circumstances, there was no application of the arbitrary and capricious standard (id.).

In other words, the merits of this case are the same as they were when the plaintiff filed this lawsuit. Consequently, the plaintiff's motion for attorneys' fees is not ripe. See Yates v. Bechtel Jacobs Co., LLC, supra, 2011 WL 2462840 at *2; Christoff v. Ohio Northern University Employee Benefit Plan, supra, 2010 WL 3958735 at *2.

The plaintiff seeks attorneys' fees of $156,045 at this interim stage. However, the plaintiff's application for benefits could be denied on remand and on judicial review, resulting in absolutely no success on the merits of the plaintiff's claim. Therefore, it is clearly unreasonable to order the defendants to pay the plaintiff now an attorneys' fee of about $156,000 for a claim that could turn out to be a loser. On the other hand, if the plaintiff is awarded benefits on remand, she can reassert in this court her current claim for attorneys' fees, as well as a claim for additional fees.

In sum, the remand of the plaintiff's claim to the defendants for further consideration of her fibromyalgia diagnosis does not constitute "some degree of success on the merits" of her claim. Accordingly, the plaintiff is not entitled to an award of attorneys' fees at this interim stage in the proceedings. However, as the defendants agreed at the hearing, the plaintiff is not foreclosed from seeking attorneys' fees following the review of her claim on remand.*

B. The plaintiff also seeks reimbursement for $1,536 in costs (Doc. 63, pp. 2, 20). To the extent that the plaintiff seeks costs under §1132(g)(1), that request should be denied for the same reason the claim for attorneys' fees should be rejected. The plaintiff may also be seeking costs under Rule 54(d), Fed.R.Civ.P., and 28 U.S.C. 1920 (see Doc. 63, pp. 1, 3, 20). However, Rule 54(d)(1) provides that costs "should be allowed to the prevailing party." Because the plaintiff is not a prevailing party, costs clearly are not authorized by Rule 54(d).

---

*In their memoranda, the parties discuss the five-factor discretionary test outlined above (see Doc. 63, pp. 6-13; Doc. 73, pp. 14-18). As previously noted, this test only becomes relevant after a finding of some success on the merits. Because there is no such finding in this case, consideration of the five factors is unnecessary.

III.

For the foregoing reasons, I recommend that the Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to Fed.R.Civ.P. 54, L.R. 4.18(a) and ERISA 29 U.S.C. §1132(g) (Doc. 63) be denied without prejudice.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: APRIL 18, 2014

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).